**UNITED STATES of America,
Appellee,**

v.

**Michael MYERSON, a/k/a Meyer Meyersohn, Appellant.**

**No. 84, Docket 30427.**

United States Court of Appeals
Second Circuit.

Argued Oct. 25, 1966.

Decided Nov. 16, 1966.

Philip J. Ryan, New York City (Ryan, Temkin & Ginsberg, Morton L. Ginsberg, New York City, on the brief), for appellant.

Charles P. Sifton, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for Southern District of New York, New York City, Daniel R. Murdock and Michael W. Mitchell, Asst. U. S. Attys., on the brief), for appellee.

Before LUMBARD, Chief Judge, and MOORE and KAUFMAN, Circuit Judges.

**PER CURIAM:**

Appellant was convicted on a one-count indictment of fraudulent evading and defeating a large part of the federal income tax due and owing by him and his wife for the calendar year 1956, in violation of 26 U.S.C. § 7201. Upon the trial, the government introduced substantial evidence as to appellant's guilt and appellant raises no question here as to its sufficiency. Instead, appellant urges three assignments of error: (1) the six-year statute of limitations had run prior to the return of the indictment; (2) the jury's deliberations were infected by the physical and emotional strain imposed on its members by an electric power failure causing a city-wide blackout of substantial duration; and (3) the trial court erred in failing to compel the prosecution to turn over to the defense certain "witness sheets."

 Appellant filed his income tax return on February 5, 1957. The six-year period of limitations for the wilful evasion of tax, established by 26 U.S.C. § 6531(2), commenced to run from the last date upon which the 1956 return was due, to wit, April 15, 1957.[1] The indictment was returned on August 8, 1963, some 115 days after the expiration of six years. Section 6531 of 26 U.S.C., however, provides for a tolling of the limitations statute whenever a person committing an offense under the internal revenue laws "is outside the United States or is a fugitive from justice". It was established at trial that appellant had been "outside the United States" in excess of 115 days during the relevant period. Appellant argues that the section was not intended to apply to periods spent "outside the United States" unless the circumstances indicated flight, a substantial impediment to the investigation and enforcement of the internal revenue laws, an evasion of legal process or, at least, a change of residence. We dis-

agree. The statute is unambiguous on its face and clearly covers appellant's absences. There is nothing unreasonable or arbitrary about the tolling of the statute of limitations during an offender's absence from the country. Appellant's claim that the statute, if applied to ordinary business or pleasure trips, is unconstitutional is without merit.

 We also reject appellant's contention that the jury was unable to deliberate fairly or intelligently due to the physical and mental discomfort caused by the fact that shortly after the jury retired the lights went out as a result of the general Northeast blackout of November 9, 1965. The record discloses that the jury was adequately provided for in that its members were permitted to make one phone call each in the presence of a marshal, were offered hotel accommodations (which were turned down on account of the substantial descending and climbing of stairs that would have been involved), and were provided with sandwiches and hot coffee. Moreover, appellant's attorney both consented during the trial to the jury's continued deliberations in spite of the blackout and failed to object at the end of the trial even though the trial judge invited comment when he read a summary of the night's events into the record.

 Appellant's last point is that he was entitled to possession of certain "witness sheets." At the trial, a government witness testified on cross-examination that prior to taking the stand he had looked at some twenty pages of "witness sheets"—papers prepared by the government containing the witness's anticipated testimony. Appellant contends that these witness sheets embodied a "statement" by the witness within the meaning of 18 U.S.C. § 3500 and thus should have been turned over to appellant's attorney on demand. We hold that the contested witness sheets are not

---

1. Appellant argued below, but does not argue, here, that the statute of limitations should begin to run from the day he actually filed his return (i. e., February 5, 1957) rather than from the last due day for 1956 returns. We agree with the district court's conclusion that the choice of the last due date is compelled by the statute. See 28 U.S.C. §§ 6531, 6513.

§ 3500 material as they are neither a "statement made by * * * and signed or otherwise adopted or approved" by the witness, 18 U.S.C. § 3500(e) (1), nor a "substantial verbatim recital of an oral statement" made by the witness. 18 U.S.C. § 3500(e) (2).

Affirmed.