**UNITED STATES of America, Appellee,**

v.

**Steven FELAK, Jr., Appellant.**

**No. 87–5081.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 4, 1987.

Decided Oct. 23, 1987.

Rehearing Denied Nov. 23, 1987.

trict court is denied.

Darold W. Killmer, Denver, Colo., for appellant.

Franklin L. Noel, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before JOHN R. GIBSON, Circuit Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

HENLEY, Senior Circuit Judge.

Steven Felak, Jr. was indicted by grand jury for three counts of criminal income tax evasion in violation of 26 U.S.C. § 7201 for the 1979, 1980 and 1981 tax years. The indictment charged that during the years in question, Felak violated § 7201 in one or more of the following particulars: by failing to file income tax returns, failing to pay taxes due and owing, concealing income, filing false withholding certificates, and concealing income by transferring assets to nominee names. After a jury trial,[1] Felak was found guilty of each of the three counts. Felak has appealed his conviction, raising three issues for appellate consideration. First, he contends that the district court committed reversible error by refusing to permit an expert witness to testify in his behalf. In addition, Felak maintains that the court responded to a question submitted by the jury during deliberation in an unresponsive and incorrect manner. Finally, Felak argues that the court incor-

rectly instructed the jury with regard to the question of venue. For the reasons stated herein, we affirm.

Felak was employed as a pilot for Northwest Airlines from 1947 through 1983. In 1976, he began attempting to minimize his tax obligations by transferring his bank account, home and automobile to the Life Science Church of Truth; the evidence at trial established that the church was not a legitimate religious organization but simply a nominee created for the purpose of evading the payment of taxes. Further, it is undisputed that Felak failed to file income tax returns for the 1979, 1980 and 1981 tax years despite wage and investment earnings over this span in excess of $425,-000.00. Moreover, during this period, Felak attempted to minimize the amount of taxes withheld from his wages by falsifying a number of exemptions on his withholding certificates and by falsely claiming to be a resident of Washington State, which has no state income tax withholding.

■ At trial, Felak did not deny that he failed to pay his taxes during the 1979, 1980 and 1981 tax years. Rather, in defense he contended that he lacked the state of mind necessary for the government to prove another element of its case, that his failure to pay was knowing and willful.[2] The thrust of Felak's defense was that his adherence to the belief that payment of taxes is voluntary in nature resulted in his good faith conclusion that he was not required to comply with tax laws.

Shortly before trial,[3] Felak's attorneys filed a notice pursuant to Fed.R.Crim.P. 12.2(b) indicating their intention to call Dr. Robert Gale, a psychiatrist who had examined Felak, to testify with respect to Felak's mental condition at the time that the

---

1. The Honorable Diana E. Murphy, United States District Judge, District of Minnesota, presiding.

2. The government bears the burden of proving the following elements in order to obtain a conviction for tax evasion in violation of 26 U.S.C. § 7201: (1) that there is a tax deficiency for the years in question; (2) that the defendant knowingly and willfully failed to pay; and (3) that the failure to pay was in an attempt to

evade or defeat the tax due. *United States v. Abodeely*, 801 F.2d 1020, 1023 (8th Cir.1986).

3. Felak's trial was initially set in May, 1986. On the eve of trial, however, his attorneys raised an issue concerning his competency to stand trial, and requested a continuance. Felak was subsequently examined by his own psychiatrist and a psychologist requested by the government, and by stipulation of the parties was judicially found competent.

charged crimes were committed. The government responded by filing a motion in limine which was granted with the express limitation that the district court would reconsider the matter if Felak made a specific offer of proof. After the government presented its case in chief, Felak submitted a report prepared by Dr. Gale after examining Felak and a written offer of proof delineating Dr. Gale's proffered testimony. The district court examined these items and reaffirmed its ruling excluding the testimony.

Felak's first contention on appeal is that the district court committed reversible error by refusing to permit Dr. Gale to testify. It is settled that a district court is cloaked with broad discretion concerning the admissibility of evidence. *United States v. Poston*, 727 F.2d 734, 739 (8th Cir.), *cert. denied*, 466 U.S. 962, 104 S.Ct. 2179, 80 L.Ed.2d 561 (1984). This court will not substitute its judgment for that of the district court unless an abuse of discretion has occurred. *Abodeely*, 801 F.2d at 1022.

An examination of Felak's offer of proof indicates that Dr. Gale would have testified concerning the conclusions he drew after interviewing Felak and performing a mental status examination upon him. In essence, Dr. Gale intended to testify that Felak was obsessed with his beliefs, and that as a result he did not possess "the requisite mental state to satisfy the meaning of the words 'willful' or 'evasion' or 'fraud' as contained in the allegations raised against him."

Clearly, the district court committed no error in excluding the latter portion of Dr. Gale's proffered testimony under Fed.R. Evid. 704(b).[4] Felak argues, however, that the court erroneously concluded that the remainder of Dr. Gale's proffered testimony was inadmissible under Rule 702. We cannot agree.

It is axiomatic that pursuant to Rule 702, expert testimony is admissible only when an expert's specialized knowledge is necessary to assist the trier of fact in understanding the evidence or in determining a fact in issue. Fed.R.Evid. 702. In *United States v. Ellsworth*, 738 F.2d 333 (8th Cir.), *cert. denied*, 469 U.S. 1042, 105 S.Ct. 528, 83 L.Ed.2d 415 (1984), this court held that Rule 702 barred the use of an expert's testimony in circumstances factually parallel to the present case. In *Ellsworth*, as in the instant case, the defendant sought to introduce psychiatric testimony indicating that his failure to file income tax returns had been perpetrated in good faith. Although the expert's testimony in *Ellsworth* was found to have lacked the necessary foundation, the court also noted that the testimony was properly excluded because there was "no basis upon which to conclude that the subject was beyond the common understanding of the jurors or that [the psychiatrist] could offer information that would ordinarily not be available to them." *Id.* at 336.

Similarly here, there is nothing to indicate that the jury was unable to determine whether Felak's refusal to pay was in good faith or was knowing and willful. On the contrary, after hearing Felak testify concerning the reasons for his refusal to pay, the jury was fully capable of resolving this question. Felak's testimony exposed the jury to both the strength of his beliefs and the basis of his decision not to comply with tax laws. Dr. Gale's testimony would have added nothing further in this regard.

Felak made no allegation of insanity or any psychological disorder requiring an expert's explanation.[5] Although Felak urges that Dr. Gale would have provided diag-

---

4. Rule 704(b) provides:
   No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or a defense thereto. Such ultimate issues are matters for the trier of fact alone.

5. Moreover, if Dr. Gale had intended to testify concerning a mental disorder of this nature, the district court would have committed no abuse of discretion by excluding the testimony under Federal Rules of Criminal Procedure 12.2(b) and 12.2(d) for failure to provide adequate notice.

noses which may have assisted the jury, this contention is refuted by Dr. Gale's overall conclusion that Felak "is, in essence, no different than an extremely religious individual." In summary, we hold that the district court did not abuse its discretion by excluding Dr. Gale's testimony; his testimony would not have been of assistance to the jury and was properly excluded under Rule 702.[6] *See United States v. West,* 670 F.2d 675, 682 (7th Cir.), *cert. denied,* 457 U.S. 1124, 1139, 102 S.Ct. 2944, 2972, 73 L.Ed.2d 1340, 1359 (1982) (no abuse of discretion in excluding psychiatric testimony concerning whether defendant's below-average intelligence precluded him from realizing that an automobile given to him was a bribe; jury was able to assess defendant's intelligence during his testimony). We add only that while in some situations admission of expert testimony limited to non-opinion statements may be of some assistance to a jury, this simply is not such a case.

■ Felak next contends that the district court replied in an unresponsive and incorrect manner to an inquiry made by the jury during deliberation. The jury foreperson asked: "[I]s a false withholding statement illegal? We feel it is allowable to overstate your allowances. True?" The court discussed the question on the record with counsel before responding to the jury by reiterating the requirement of proof of essential elements of the government's case. In addition, the court explained that false withholding was merely one of several possible methods of tax evasion alleged in the indictment. The court then advised the jury that Felak was not on trial for false withholding statements, but for willful evasion. In this regard, the court stated, "You may consider the evidence relating to his withholding statements and give it such weight as you think it deserves, if any, insofar as it relates to the charges in the indictment."

Contrary to Felak's assertion, it is clear that the district court was responsive to the jury's inquiry. Rather than simply answering in a yes or no manner, the court fully explained the relevance of the evidence introduced at trial concerning Felak's alleged falsification of withholding certificates. We find no error in this regard. Further, an examination of the applicable statutory section clearly reveals that tax evasion may be established in a variety of ways, as explained by the district court. 26 U.S.C. § 7201; *see also Spies v. United States,* 317 U.S. 492, 499, 63 S.Ct. 364, 368, 87 L.Ed. 418 (1943).

■ Similarly, we find Felak's contention that the government failed to establish that he falsified his withholding statements without merit. In an action under § 7201, the government is required to prove only that a tax deficiency exists, that an affirmative act constituting an evasion or attempted evasion was perpetrated, and that it was done willfully. *Sansone v. United States,* 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965). Clearly, the evidence adduced by the government concerning Felak's alleged falsification of his withholding statements well exceeded the necessary showing of such an affirmative act. The record discloses that from 1947 through 1975, the period during which Felak regularly paid his taxes, he never claimed more than three exemptions. In 1976, Felak claimed sixteen exemptions. Thereafter, he filed a withholding form claiming forty-seven exemptions followed by a form on which he claimed to be totally exempt. After Felak's employer was notified by the Internal Revenue Service that Felak's claim to be totally exempt could not be honored, Felak claimed the largest number of exemptions that his employer's computer could process. Felak never sought to justify the number of exemptions claimed.

■ Finally, Felak argues that the district court improperly instructed the jury with respect to the question of venue. In a criminal case, the government bears the burden of proving proper venue by a preponderance of the evidence. *United States*

6. Relatedly, our determination that Dr. Gale's testimony would not have assisted the jury renders meritless Felak's assertion that the exclusion of Gale's testimony precluded him from presenting his defense.

*v. Netz,* 758 F.2d 1308, 1312 (8th Cir.1985). Venue properly lies in the judicial district where an offense occurred. Fed.R.Crim.P. 18; *United States v. Marchant,* 774 F.2d 888, 891 (8th Cir.1985), *cert. denied,* 475 U.S. 1012, 106 S.Ct. 1190, 89 L.Ed.2d 305 (1986). Thus, in a case brought under 26 U.S.C. § 7201, venue is proper where a false withholding statement is prepared and signed, where it is received and filed, or where an attempt to evade otherwise occurred. *See Marchant,* 774 F.2d at 891.

■ In the instant case, the indictment alleged that Felak was a resident of Minnesota and that his attempts to evade taxation were perpetrated there. Accordingly, the trial court instructed the jury as follows:

The defendant has a right to be tried in the

district in which the crime was alleged to have been committed. This is what the law calls venue. Venue is proper in any district where an attempt to evade income taxes takes place. Thus, the government has the burden of proving that the attempt to evade took place in Minnesota. The evasion occurs in any district where an act in furtherance of the crime is committed.

Felak contends that the foregoing instruction permitted the jury to find him guilty of certain acts alleged in the indictment without first finding proper venue. Specifically, Felak maintains that because he was a legal resident of the State of Washington and thus was not required to file income tax returns in Minnesota, his only wrongful acts in this regard were committed in Washington. This argument must fail, however, because the evidence at trial did not establish that Felak was a resident of Washington. Rather, the government introduced overwhelming evidence indicating that Felak had remained a resident of Minnesota and merely attempted to manufacture residency in Washington in order to avoid state withholding. The evidence at trial adequately established that the methods and acts utilized by Felak to defeat the payment of his income taxes were in fact perpetrated in Minnesota. In

these circumstances, we cannot agree with Felak's assertion that the instruction allowed the jury to find him guilty without a proper finding of venue.

In summary, we have examined each of Felak's assignments of error and find them without merit. Accordingly, his conviction is affirmed.