87 F.3d 1324
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lissette Christina NUKIDA, Defendant-Appellant.
 No. 95-50295.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 MEMORANDUM**
 Lissette Christina Nukida appeals her sentence under the Sentencing Guidelines imposed following her guilty plea conviction for five counts of tampering with consumer products in violation of 18 U.S.C. §§ 1365(a)(3) and 1365(a)(4). We have jurisdiction pursuant to 18 U.S.C. § 1291, and affirm.
 Nukida contends that the district court erred by refusing to grant her a reduction in offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Nukida does not contest the enhancement of her sentence for obstruction of justice under U.S.S.G. § 3C1.1 based on her flight to Mexico while released on bail.
 
 
 1
 " 'Conduct resulting in an enhancement under § 3C1.1 ... ordinarily indicates that the defendant has not accepted responsibility for [her] criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply.' " United States v. Hopper, 27 F.3d 378, 382 (9th Cir.1994) (quoting U.S.S.G. § 3E1.1 comment n. 4). "We review the district court's decision that a case is an extraordinary case justifying a simultaneous adjustment for obstruction of justice and acceptance of responsibility for clear error.... The sentencing judge is entitled to great deference [on review] because he is in a unique position to evaluate a defendant's acceptance of responsibility." Id. at 381-82 (citations and quotations omitted). "[T]he relevant inquiry for determining if a case is an extraordinary case ... is whether the defendant's obstructive conduct is not inconsistent with the defendant's acceptance of responsibility." Id. at 383.
 
 
 2
 Here, Nukida argues that her case is an "extraordinary case" because she confessed to her crime in 1991 and promptly accepted a plea agreement upon her return to custody. The district court found that Nukida's case was not an "extraordinary case" because between her confession and guilty plea, she fled to Mexico, where she remained for a year and a half, until she was arrested and deported to the United States by Mexican authorities. This finding is not "clearly erroneous." See id. at 381-82.
 
 Accordingly, Nukida's sentence is
 
 3
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3