**UNITED STATES of America,**
**Plaintiff,**

v.

**Andy S.S. YIP, Defendant.**

**No. CR. 02–00225 DAE.**

United States District Court,
D. Hawai'i.

March 4, 2003.

Leslie E. Osborne, Jr., J. Michael Seabright, Assistant U.S. Attorneys, Office of the U.S. Attorney, Honolulu, for plaintiff.

Howard T. Chang, Esq., Honolulu, for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT

EZRA, Chief Judge.

The court heard Defendant's Motion on March 3, 2003. Assistant United States Attorney Leslie E. Osborne appeared on behalf of Plaintiff; Howard T. Chang, Esq., appeared on behalf of Defendant. After reviewing the motion and the supporting and opposing memoranda, the court DENIES Defendant's Motion to Dismiss Indictment ("Motion").

## BACKGROUND

Defendant was indicted on May 30, 2002, for willfully making and subscribing to an income tax return that falsely understated his total income, in violation of 26 U.S.C. 7206(1). Defendant allegedly committed this crime of "tax perjury" when he filed the false return on or about April 15, 1996. The statute of limitations for prosecuting a defendant pursuant to 26 U.S.C. § 7206(1) is set forth in 26 U.S.C. § 6531(5) and runs six years from the date he files the false return. 26 U.S.C. § 6531(5) (2003). In this case, the statute of limitations was set to expire on April 15, 2002.

Contrary to Defendant's initial assertion that the section did not contain "any conceivable" tolling provision, the statute does in fact allow for the tolling of time under two circumstances: when the defendant either is outside the United States or is a fugitive from justice within the meaning of Title 18 U.S.C. § 3290. The pertinent provision in this case provides that any time during which the person committing an offense arising under the internal revenue laws is outside the United States shall not be counted towards the limitation by law for the commencement of proceedings.

The Government asserts that during the period between the filing of the false return and Defendant's indictment for tax perjury, he made twenty-two foreign trips and was outside of the United States for a conservative estimate of eighty-seven days. When Defendant's days outside of the United States are factored into the calculation of time, the statute of limitations expired on July 11, 2002, and not on April 15, 2002.

## STANDARD OF REVIEW

■ Rule 12(b) of the Federal Rules of Criminal Procedure permits consideration of any defense "which is capable of determination without the trial of the general issue." Fed.R.Crim.P. 12(b) (2002). A motion to dismiss is generally "capable of determination" before trial "if it involves questions of law rather than fact." *United States v. Shortt Accountancy Corp.,* 785 F.2d 1448, 1452 (9th Cir.1986), *cert. denied,* 478 U.S. 1007, 106 S.Ct. 3301, 92 L.Ed.2d 715 (1986).

■ The Ninth Circuit has held that the ultimate finder of fact is concerned with the general issue of guilt. *Id.* Thus, a motion requiring factual determinations may be decided before trial if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense. Under this standard, the district court must decide the issue raised in the pretrial motion before trial if it is entirely segregable from the evidence to be presented at trial. *Id.* If the pretrial claim is substantially founded upon and intertwined with evidence concerning the alleged offense, the motion falls within the province of the ultimate finder of fact and must be deferred. *See United States v. Nukida,* 8 F.3d 665, 669, *appeal after remand,* 87 F.3d 1324, 1996 WL 340777 (9th Cir.1996).

■ Generally, Rule 12(b) motions are appropriate to consider "such matters as former jeopardy, former conviction, former acquittal, statute of limitations, immunity, [and] lack of jurisdiction." *United States v. Smith,* 866 F.2d 1092, 1096 n. 3 (9th Cir.1989).

## DISCUSSION

■ Defendant does not dispute that the tolling provision contained in 26 U.S.C. § 6531 applies to the circumstances of this case. However, he asserts that the provision violates his constitutional right to travel under the Fifth Amendment. Defendant admits that international travel receives less protection than interstate travel such that restrictions on the former are subject to a less stringent level of scrutiny.

Thus, to determine whether a federal statute that withdraws a benefit from a United States citizen based on his international travel violates the equal protections afforded in the Fifth Amendment, Defendant argues that the court must apply a rational basis standard of review. *Freedom to Travel Campaign v. Newcomb*, 82 F.3d 1431 (9th Cir.1996); *Califano v. Aznavorian*, 439 U.S. 170, 176–177, 99 S.Ct. 471, 58 L.Ed.2d 435 (1978). Under a rational basis test, the court must determine whether the law has a reasonable connection to achieving a legitimate and constitutional objective. *See Saenz v. Roe*, 526 U.S. 489, 119 S.Ct. 1518, 143 L.Ed.2d 689 (1999).

This court finds that the tolling provision in 26 U.S.C. § 6531 is reasonably connected to the legitimate objective of ensuring that prosecutors serve legal process on alleged offenders in a reasonable amount of time and without undue complication. Defendant argues that Congress' only intent was to prevent persons from making themselves unavailable for service of process. He interprets the provision tolling the statute of limitations for periods when a defendant is "outside the United States" *or* a "fugitive from justice" to mean when a defendant is "beyond legal process." Although there is no Ninth Circuit precedent interpreting this provision, in support of his argument Defendant cites *United States v. Marchant*, 774 F.2d 888, 892 (8th Cir.1985), and *United States v. Myerson*, 368 F.2d 393, 395 (2d. Cir. 1966).

In *Marchant*, the Eighth Circuit found that a 1954 amendment to 26 U.S.C. § 6531 returned "the provision to its original meaning of 'beyond the reach of legal process.'" *Marchant*, 774 F.2d at 892. Defendant zeroes in on this analysis and contends that because various international agreements now exist to facilitate the service of process on persons traveling abroad, it is increasingly difficult for al-

leged offenders to make themselves "safe from legal process" in the sense considered important by the Eighth Circuit. Defendant notes in particular that special treaties exist between the United States and the countries to which the Government alleges Defendant has traveled. He fails, however, to elaborate upon the specific provisions in these treaties, for example, how service of process is actually facilitated under these international agreements. More importantly, there is no indication that Congress intended for the Government to become embroiled in a web of international treaties when attempting to indict an alleged tax offender.

In *Myerson*, the Second Circuit specifically rejected the Appellant's contention that the tolling provision of the statute of limitations "was not intended to apply to periods spent 'outside the United States' unless the circumstances indicated flight, a substantial impediment to the investigation and enforcement of the internal revenue laws, and evasion of legal process or, at least, a change of residence." *Myerson*, 368 F.2d at 395. The Second Circuit found that the statute was unambiguous on its face and that any claims of unconstitutionality, if applied to business or pleasure trips, were without merit. This court agrees with the Second Circuit's ruling in *Myerson* and finds that the terms of the statute are unambiguous and support the Government's position that "outside the United States" means *physically* outside the boundaries of the United States.

Defendant also argues that this court should be reluctant to toll the period of limitations for brief vacations or business trips that do not interfere with the investigation or legal proceedings. At the hearing, the Government noted that the series of trips taken by Defendant to numerous countries would make extradition particularly problematic. The Government sug-

gested that barring Defendant providing the Government with an itinerary of his travels, the Government would not be able to ascertain from which country Defendant should or could be extradited. Moreover, there is no indication that Congress desired to put a burden on the Government with respect to determining which periods and types of travel outside the United States could toll the statute of limitations, as well as the extent to which a defendant purposefully puts himself outside the reach of the legal process and thereby interferes with the government investigation. Instead, the statute states in clear and certain terms that the time will simply toll for any travel outside of the United States. This allows the Government to determine the exact period within which it must initiate formal proceedings. It was not intended to, nor does it necessarily operate as a penalty against international travel.

■ As the Government argues in its Opposition, the statute of limitations is not an element of the tax perjury crime charged. Rather, it is an affirmative defense. Because affirmative defenses need not be raised in the indictment, the indictment was sufficient even though it did not consider the statute of limitations issue.

### CONCLUSION

For the reasons stated above, the court DENIES Defendant's Motion to Dismiss the Indictment.

IT IS SO ORDERED.