FILED
**United States Court of Appeals**
**Tenth Circuit**

**June 23, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

LINDSEY K. SPRINGER,
Individually and as Co-Trustee of the
S.L.C.A. Family Trust,

      Defendant-Appellant,

and

REGINA M. CARLSON, as
Co-Trustee of the S.L.C.A. Family
Trust; MARTHA F. MOORE,
Individually and as Trustee of the
W.T. Moore and Martha F. Moore
Revocable Trust dated June 12, 2002;
W.T. SMITH; JANETH S. SMITH,

      Defendants.

No. 10-5037
(D.C. No. 4:08-CV-00278-TCK-PJC)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **TYMKOVICH** and **BALDOCK**, Circuit Judges, **BRORBY**, Senior Circuit Judge.

_____

After years of wrangling, the government initiated this action to reduce to judgment Lindsey K. Springer's tax assessment and to foreclose on real property acquired through Springer's nominee, the S.L.C.A. Family Trust (Trust). The district court granted the government's motion for summary judgment, and Springer appealed. We review the grant of summary judgment de novo, *Ford v. Pryor*, 552 F.3d 1174, 1177 (10th Cir. 2008), and now affirm.

The origins of this appeal span more than twenty years, with a complex array of intervening proceedings in various tribunals. For our purposes, suffice it to say Springer failed to pay his taxes from 1990 to 1995, and as a consequence, he received two notices of deficiency from the Internal Revenue Service (IRS). Springer challenged the deficiencies in the Tax Court, but the court upheld the notices and sanctioned Springer pursuant to 26 U.S.C. § 6673 for filing a frivolous petition intended to delay the collection of his outstanding liabilities.

This court dismissed Springer's appeal from that decision, *Springer v. Comm'r*, No. 97-9008 (10th Cir. Oct. 15, 1997) (unpublished), because he had not satisfied another sanction we imposed in a different frivolous appeal, *Springer v. IRS*, Nos. 95-5072 & 95-5142 (10th Cir. Apr. 8, 1996) (unpublished). The IRS then issued a notice of intent to levy, the Tax Court eventually approved the levy,

and this court affirmed, *see Springer v. Comm'r*, 580 F.3d 1142, 1143-44 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1907 (2010).

Matters became somewhat more complicated, however, when the IRS withdrew duplicate lien notices that it had issued in 2007. The withdrawal prompted the IRS's automated-lien-processing system to generate certificates of release that were recorded in the county clerk's office where the subject property is located. Nevertheless, the IRS revoked the releases, refiled the liens, and continued its efforts to foreclose.

In motions to dismiss the government's amended complaint, Springer challenged the validity of the liens and release revocations, and asserted that the foreclosure action was precluded by the applicable statute of limitations. Springer also moved for summary judgment on the ground that he was not properly notified of the tax assessment. For its part, the government moved for summary judgment, claiming that res judicata barred any challenge to the underlying tax assessment. The government also sought a determination that the property was subject to foreclosure because the Trust was Springer's nominee.

The district court rejected Springer's arguments and granted summary judgment in favor of the government. The court detailed the salient facts and concluded, among other things, that: 1) the liens and release revocations were valid; 2) the foreclosure action was not barred by the statute of limitations; 3) res judicata barred Springer from contesting the underlying tax assessments;

and 4) the Trust was Springer's nominee, and its property was subject to foreclosure.[1]

On appeal, Springer advances only meritless arguments. He questions why the government would seek to enforce liens that were invalidated by the release certificates, but he fails to mention that the releases were revoked and the lien notices were refiled. *See* Aplt. Br. at 16-17. He also refuses to acknowledge that the initial lien remained intact, *see* 26 U.S.C. § 6322 ("the lien imposed by section 6321 . . . shall continue until the liability for the amount so assessed . . . is satisfied or becomes unenforceable"), that the lien notices simply asserted the government's priority over other creditors, *see id.* § 6323(a), and that the certificates of release were properly revoked, *see id.* § 6325(f)(2).

Further, Springer devotes a considerable portion of his brief to the theory that the IRS has no authority to collect taxes outside of Washington, D.C., *see* Aplt. Br. at 17-24, ignoring authority recognizing such arguments as patently frivolous. *See, e.g., Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (rejecting jurisdictional tax-protester argument as "completely lacking in legal merit and patently frivolous"); *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990) ("For seventy-five years, the Supreme Court has recognized that

---

[1] On the last page of his reply brief, Springer suggests he might have filed a counterclaim; he also seems to contest the district court's ruling that the action was not barred by the statute of limitations. We do not consider these arguments raised for the first time in a reply brief. *See Bronson v. Swensen*, 500 F.3d 1099, 1104-05 (10th Cir. 2007).

the sixteenth amendment authorizes a direct nonapportioned tax upon United States citizens throughout the nation, not just in federal enclaves; efforts to argue otherwise have been sanctioned as frivolous." (citations omitted)).

Finally, Springer continues to dispute the underlying tax assessment, asserting the lien notices were not sent to his last known address. But as the district court recognized, Springer had actual notice, and the underlying tax assessment "is no longer open to challenge," *Springer v. IRS*, 231 F. App'x 793, 801 (10th Cir. 2007).

In short, Springer advances no reasoned basis for upsetting the district court's particularly comprehensive and well-reasoned analysis.[2] Accordingly, having reviewed the parties' appellate materials, the relevant legal authority, and

---

[2]     Springer contends the grant of summary judgment violated his Seventh Amendment right to a jury trial. This argument is meritless. *See Shannon v. Graves*, 257 F.3d 1164, 1167 (10th Cir. 2001) ("The Seventh Amendment is not violated by proper entry of summary judgment, because such a ruling means that no triable issue exists to be submitted to a jury."). Equally meritless is Springer's contention that the court should have denied as untimely a cross-claim seeking judgment, and a counterclaim seeking priority, on the sale proceeds for a note secured by the subject property. The district court excused the delay because counsel misunderstood the court's deadline. We perceive no abuse of discretion. *See SIL-FLO, Inc., v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990).

the record on appeal, we AFFIRM the district court for substantially the same reasons stated in the court's order dated March 3, 2010.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge