# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No.  10-3652

_____

United States of America,                    *
                                             *
            Appellee,                        *
                                             *   Appeal from the United States
v.                                           *   District Court for the
                                             *   Southern District of Iowa.
Donald Dale Miller,                          *
                                             *   [UNPUBLISHED]
            Appellant.                       *

_____

Submitted:  October 17, 2011
Filed:  October 24, 2011

_____

Before RILEY, Chief Judge, LOKEN and BENTON, Circuit Judges.

_____

PER CURIAM.

Donald Dale Miller pled guilty to two counts of tax evasion in violation of 26 U.S.C. § 7201 for the years 2003 and 2004.  He reserved the right to appeal the district court's[1] denial of his motion to dismiss for improper venue and lack of jurisdiction.  This court affirms.

_____

[1]The Honorable John A. Jarvey, United States District Judge for the District of Minnesota.

Miller tried to evade taxes by titling properties in the names of trusts he created for this purpose. He under-reported his employment income and hid rental income by instructing employers and tenants to make payments to a bank account of a trust he controlled. Neither Miller nor the trusts filed federal tax returns, even after the IRS gave him the opportunity to file late returns. The total tax loss for 2002 to 2006 is $70,784.

Miller contends that an IRS restructuring in 2000 abrogated the duty to pay taxes by eliminating the district offices where taxpayers previously filed returns. He believes he could not evade taxes that he had no duty to pay.

Miller sometimes phrases his argument as a lack of jurisdiction. Miller's arguments, however, do not implicate restrictions on the court's jurisdiction. *See United States v. Barry*, 371 F. Appx. 3, 5 (11th Cir. 2010) ("The [defendants] were charged with violating 18 U.S.C. § 371 and 26 U.S.C. § 7203, which involves 'offenses against the laws of the United States,' such that the district court had subject-matter jurisdiction under 18 U.S.C. § 3231.").

This court reviews de novo a district court's denial of a motion to dismiss for improper venue. *United States v. Howell*, 552 F.3d 709, 712 (8th Cir. 2009). Miller admitted in the plea agreement that he committed acts of tax evasion in the Southern District of Iowa, where he resided. These acts included placing assets located there, and receiving payments for work and rent generated there, in names other than his own. "In a case brought under 26 U.S.C. § 7201, venue is proper...where an attempt to evade [] occurred." *United States v. Felak*, 831 F.2d 794, 799 (8th Cir. 1987) (citation omitted). Venue was appropriate in the Southern District of Iowa.

Miller emphasizes 26 U.S.C. § 6091(b)(1)(A), instructing taxpayers to file returns in the IRS districts where they reside or have their principal place of business, or in the service centers that serve them. This very section empowers the Secretary

of the Treasury to prescribe a place for filing returns for persons — as Miller claims to be — with no legal residence or principal place of business in an internal revenue district. *26 U.S.C. § 6091(b)(1)(B)(i)*. The Secretary exercised this authority in 26 C.F.R. § 1.6091-2(c) (2003) and 26 C.F.R. § 1.6091-2 (2004). Miller had a duty to pay taxes, which he evaded. *See United States v. Springer*, 427 F. Appx. 650 (10th Cir. 2011) ("...Springer [argues] the IRS has no authority to collect taxes outside of Washington, D.C., ..., ignoring authority recognizing such arguments as patently frivolous." (citation omitted)); Order Denying Reconsideration of Emergency Motion for Stay of Final Judgment and Sale Pending Appeal at 2, *Barry*, No. 10-5037 (December 15, 2010) ("This motion...contains numerous blatantly frivolous statements, such as: .... [O]n page 4, 'The Secretary [of the Treasury] is prohibited by Title 4, Sec. 72 from exercising his office outside the District of Columbia.'").

The judgment of the district court is affirmed.

_____