**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 21, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

LINDSEY K. SPRINGER,
individually and as Co-Trustee of the
S.L.C.A. Family Trust,

        Defendant-Appellant,

and

REGINA M. CARLSON, as
Co-Trustee of the S.L.C.A. Family
Trust; W. T. MOORE; MARTHA F.
MOORE, individually and as Trustee
of the W.T. Moore Revocable Trust
dated June 12, 2002; W.T. SMITH;
JANETH S. SMITH, ALBERT
MENDEZ, Individually and as Trustee
of the Mendez Family Trust; KATHY
ANGLIN, in her official capacity as
Creek County Treasurer,

        Defendants.

No. 11-5018
(D.C. No. 4:08-CV-00278-TCK-PJC)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata,

(continued...)

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

After the district court reduced to judgment Lindsey K. Springer's tax assessment and ordered foreclosure on certain real property, *see United States v. Springer*, 427 F. App'x 650, 651 (10th Cir. 2011), persons who held a mortgage on the property and who had participated in the litigation (the "Cross-Claimants") moved for an award of attorney's fees and expenses against Mr. Springer. The magistrate judge recommended granting the motion in part and awarding to the Cross-Claimants $10,576.56 of the $35,411.16 requested in fees and expenses. Mr. Springer objected. After a de novo review, the district court adopted the recommendation. Mr. Springer appeals.[1]

Of the opening brief's five arguments, the first three are directed to the district court's merits determination regarding the mortgage held by the Cross-Claimants. This court has already affirmed the merits decision. *See id.* at

---

[*](...continued)
and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]      During the pendency of this appeal, Mr. Springer's attorney, Jerold W. Barringer, was indefinitely suspended from practicing before this court. *See In re Barringer*, No. 11-816 (10th Cir. Sept. 2, 2011) (per curiam), *reh'g en banc denied* (10th Cir. Sept. 28, 2011). Mr. Springer is subject to pro se filing restrictions, *see Springer v. IRS ex rel. United States*, 231 F. App'x 793, 802-04 (10th Cir. 2007); *Springer v. IRS ex rel. United States*, Nos. 05-6387, 06-5123, 06-6268 (10th Cir. May 23, 2007) (unpublished order), but the panel has considered this appeal on the merits because it was fully briefed before Mr. Barringer's suspension.

653 (affirming for substantially the reasons stated by the district court); Aplt. App. at 31-34 (district court order regarding Cross-Claimants' claims). We decline Mr. Springer's invitation to revisit these issues in the guise of this fee appeal.[2] The fourth argument, however, is dispositive of this appeal. In that argument, Mr. Springer contends that the Cross-Claimants waited too long under Fed. R. Civ. P. 54(d)(2) to seek a fee award. "We review for abuse of discretion a district court's decision whether or not to consider . . . an untimely [Rule 54(d)(2)] motion." *Quigley v. Rosenthal*, 427 F.3d 1232, 1237 (10th Cir. 2005).

The Cross-Claimants' September 8, 2010, motion was filed nearly six months after the district court's March 16, 2010, judgment, even though Rule 54(d)(2)(B)(i) provides that a motion for attorney's fees must generally be filed within 14 days of the entry of judgment. Mr. Springer challenged the motion's timeliness in his response, but the Cross-Claimants' reply focused on the United States's response and ignored his arguments, including his timeliness argument.[3] The magistrate judge's report and recommendation did not address the issue, nor did the district court's order. And on appeal, the Cross-Claimants

---

[2] In the jurisdictional section of his brief, Mr. Springer also conclusorily asserts that he "believes the suit was without proper authorization from the Secretary of the Treasury," but states that the issue is before this court in other appeals. Aplt. Opening Br. at 1. In the merits appeal we rejected his jurisdictional assertions as "patently frivolous." *Springer*, 427 F. App'x at 653.

[3] The magistrate judge held a hearing on the motion, but it does not appear that the proceedings were transcribed. The minute order does not indicate whether timeliness was argued.

-3-

have chosen not to file a brief. Nothing indicates that Rule 54(d)(2) is inapplicable, or that the court extended the time for Cross-Claimants to file their fee motion. The only evident facts are that the motion followed the judgment by nearly six months, with neither the record nor the appellate briefing giving even a hint of any reason for the delay.

Under Fed. R. Civ. P. 6(b)(1)(B), after the 14-day period a district court may extend Rule 54(d)(2)(B)'s time limit "on motion" for "excusable neglect." *See Quigley*, 427 F.3d at 1237. But the record does not reflect any motion by the Cross-Claimants seeking an extension. Nor does the record present *any* reason for the delay, much less any "facts that we would recognize as constituting excusable neglect." *Quigley*, 427 F.3d at 1238. Under these circumstances, we must conclude that the district court abused its discretion in considering and granting, even in part, the Cross-Claimants' untimely fee motion. *Cf. id.* (concluding that the district court did not abuse its discretion in concluding the proffered reasons did not amount to excusable neglect); *see also Bender v. Freed*, 436 F.3d 747, 750 (7th Cir. 2006) ("The Plan missed the deadline under Rule 54(d)(2) and offers no reason for having done so. The fact that the parties were 'well aware' that the Plan intended to file a fees motion at some indeterminate date in the future does not excuse noncompliance with the applicable procedural rules.").

The judgment of the district court is REVERSED, and this case is REMANDED with directions to deny as untimely the Cross-Claimants' motion for an award of attorneys' fees and costs.

Entered for the Court

Stephen H. Anderson
Circuit Judge