UNITED STATES of America,

v.

Darryl STRAWBERRY and Eric Goldschmidt, Defendants.

No. 94 CR 954 (BDP).

United States District Court, S.D. New York.

July 10, 1995.

Margaret Groban, U.S. Attys. Office, White Plains, NY, for U.S.

Catherine Redlich, Peter Driscoll, Driscoll & Redlich, New York City, for defendant Eric Goldschmidt.

## MEMORANDUM DECISION
## AND ORDER

PARKER, District Judge.

### FACTS

This action for conspiracy and tax evasion is before this Court on Defendant Goldschmidt's motions (1) to dismiss Counts Two and Three of the indictment on the grounds of improper venue, pursuant to Rule 18 of the Federal Rules of Criminal Procedure, (2) for an Order directing the Government to provide a bill of particulars, pursuant to Rules 7(f) and 16 of the Federal Rules of Criminal Procedure, (3) for an Order directing the Government to disclose § 3500 material and impeachment material two weeks before trial, and (4) for an Order directing early disclosure of jury panel information, pursuant to 26 U.S.C. § 6103(h)(5).

The three-count indictment charges the Defendants, Eric Goldschmidt ("Goldschmidt") and Darryl Strawberry ("Strawberry"), with an alleged scheme to conceal from the Internal Revenue Service ("the IRS") income earned in cash by Strawberry at various promotional events. The indictment alleges that, as Strawberry's contractual agent, Goldschmidt negotiated his on-field baseball contracts, provided financial services, and prepared or assisted in the preparation of Strawberry's tax returns for the years 1988, 1989 and 1990.

Counts Two and Three of the indictment charge Goldschmidt with aiding and abetting Strawberry's attempt to evade "a large part of the income tax due and owing ... by various means, including the receipt of cash" at various promotional events in the Southern District of New York for the tax years 1988 and 1989, respectively, in violation of 18 U.S.C. 2(a) and 26 U.S.C. § 7201.[1] Both tax returns were allegedly prepared, signed and filed in California where Goldschmidt and

---

1. Section 7201 of Title 26, U.S.C., provides, in pertinent part: Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to the other penalties provided by law, be guilty of a felony.... 26 U.S.C. § 7201.

Strawberry reside. On February 9, 1995, Strawberry pled guilty to one count of tax evasion in violation of 26 U.S.C. § 7201.

## DISCUSSION

### 1. *Venue*

#### a. *Legal standard*

■ The Sixth Amendment to the Constitution provides that the accused in a criminal prosecution has the right to be tried in the "district wherein the crime shall have been committed." See also Fed.R.Crim.P. 18. Where the offense charged is a "continuing offense"—an offense that occurs over space or time—18 U.S.C. § 3237(a) provides that venue is proper in any district in which the offense was "begun, continued, or completed." "[T]he prosecution must show, by a preponderance of the evidence, that some part of the crime was committed within the district of prosecution." *United States v. Maldonado–Rivera*, 922 F.2d 934, 968 (2d Cir.1990), *cert. denied*, 501 U.S. 1211, 111 S.Ct. 2811, 115 L.Ed.2d 984 (1991).

■ If the federal statute defining an offense does not indicate explicitly where Congress believes the criminal act is committed, "the *locus delecti* must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Anderson*, 328 U.S. 699, 703, 66 S.Ct. 1213, 1216, 90 L.Ed. 1529 (1946). The test for venue "is best described as a substantial contacts rule that takes into account a number of factors—the site of the defendant's acts, the elements and nature of the crime, the locus of the effect of the criminal conduct, and the suitability of each district for accurate factfinding," *United States v. Reed*, 773 F.2d 477, 481 (2d Cir. 1985). To determine whether venue is proper, it is helpful to examine the "key verbs" used by the statute in defining the offense. *United States v. Chestnut*, 533 F.2d 40, 46–47 (2d Cir.), *cert. denied*, 429 U.S. 829, 97 S.Ct. 88, 50 L.Ed.2d 93 (1976).

■ Because an "attempt to evade" tax can occur over time and in more than one judicial district, a violation of § 7201 is a "continuing offense" within the meaning of 18 U.S.C. § 3237(a). Courts have found venue for § 7201 offenses to be proper in any district where an affirmative act constituting an "attempt to evade" was begun, continued or completed. See *United States v. Slutsky*, 487 F.2d 832, 839 (2d Cir.1973), *cert. denied*, 416 U.S. 937, 94 S.Ct. 1937, 40 L.Ed.2d 287 (1974). To establish an "attempt to evade," the Government must show that the defendant engaged in some affirmative act with a tax evasion motive. See *United States v. Marchant*, 774 F.2d 888, 891 (8th Cir.1985), *cert. denied*, 475 U.S. 1012, 106 S.Ct. 1190, 89 L.Ed.2d 305 (1986).

In cases where venue was premised on acts other than those connected to the preparation, signing, mailing or filing of the tax return at issue, courts have turned for guidance to the Supreme Court's analysis in *Spies v. United States*, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1943) to determine whether the defendant engaged in an affirmative act constituting an "attempt to evade."[2] See, e.g., *Beaty v. United States*, 213 F.2d 712 (4th Cir.1954), *vacated on other grounds*, 348 U.S. 905, 75 S.Ct. 312, 99 L.Ed. 710 (1955), *aff'd on remand*, 220 F.2d 681 (1955); *United States v. Goodyear*, 649 F.2d 226 (4th Cir.1981); *United States v. Stofsky*, 409 F.Supp. 609 (S.D.N.Y.1973). In *Spies*, the Supreme Court stated that the affirmative act requirement should be read broadly: "Congress did not define or limit the methods by which a willful attempt to defeat or evade might be accomplished and perhaps did not define lest its efforts to do so result in some unexpected limitation." *Spies*, 317 U.S. at 499, 63 S.Ct. at 368. The Court provided examples of conduct from which an "attempt to evade" could be inferred:

> By way of illustration, and not by way of limitation, we would think affirmative willful attempt may be inferred from conduct

**2.** In *Spies*, the Court did not consider the issue of venue. Rather, it addressed whether a willful failure to file a return could, without more, constitute an "attempt to evade" within the meaning of the predecessor statute to § 7201. See *Spies*, 317 U.S. at 494–95, 63 S.Ct. at 366. The Court held that it could not. The Court concluded, however, that "any conduct, the likely effect of which would be to mislead or to conceal," *Spies*, 317 U.S. at 495, 63 S.Ct. at 366, could transform the misdemeanor offense of failing to file into the more serious felony offense of tax evasion.

such as keeping a double set of books, making false entries or alterations, or false invoices or documents, destruction of books or records, concealment of assets or covering up sources of income, handling of one's affairs to avoid making the records usual in transactions of the kind, and any conduct, the likely effect of which would be to mislead or to conceal. If the tax-evasion motive plays any part in such conduct the offense may be made out even though the conduct may also serve other purposes such as concealment of other crime.

*Spies,* 317 U.S. at 499, 63 S.Ct. at 368.

### b. *Whether the receipt of cash payments constitutes an "attempt to evade"*

■ The Government premises venue for the § 7201 offenses on Strawberry's receipt of cash on several different occasions in the Southern District. In Counts Two and Three, the indictment alleges,

"in the Southern District of New York and elsewhere, Darryl Strawberry and Eric Goldschmidt, the defendants, did unlawfully, willfully, and knowingly, attempt to evade and defeat a large part of the income tax due and owing by Darryl Strawberry and his wife to the United States of America for [the calendar years of 1988 and 1989] ..., by various means, including the receipt of cash on [specified dates at specified locations in the Southern District]; and by preparing and causing to be prepared, by signing and causing to be signed, and by filing and causing to be filed a false and fraudulent U.S. Individual Income Tax Return ... wherein defendant Darryl Strawberry aided and abetted by defendant Eric Goldschmidt [under-reported Strawberry's promotional income] ..."

The Government does not allege that Strawberry or Goldschmidt reside or has a principal place of business in the Southern District. The Government does not allege that the tax returns at issue were prepared, signed, mailed or filed in the Southern District. Rather, the receipt of income in cash at the

promotional events cited in the indictment are the only contacts that Strawberry and Goldschmidt are alleged to have had with the Southern District.

Goldschmidt argues that venue in the Southern District is improper because the receipt of cash does not satisfy the *Spies* affirmative act requirement.[3] He argues that conduct satisfying *Spies,* including conduct found sufficient to support venue, has been, without exception, unambiguous, blatantly tax-motivated acts of deception, concealment and obfuscation. Goldschmidt argues that, in these cases, there was no question or ambiguity that the offense of tax evasion had been "committed," for the purposes of Rule 18, in the district. For example, Goldschmidt argues, in *Beaty,* the Fourth Circuit found that the conduct at the heart of the defendant's "attempt to evade," i.e., the making of false records and the concealment of assets, occurred in the district, see *Beaty,* 213 F.2d at 715, and in *United States v. DeFabritus,* 605 F.Supp. 1538 (S.D.N.Y.1985), the Court concluded that "[w]here the evasion charge is based on the making of false records, proper venue for an evasion charge includes the district in which the corporation maintaining those records has its principal place of business." *DeFabritus,* 605 F.Supp. at 1543–44.

Goldschmidt attempts to distinguish the receipt of income in the form of cash from what he terms the "patently tax-motivated acts of deception, obfuscation or concealment" in *Beaty* and *DeFabritus.* He argues that while deceit is inherent in the making of false records and the concealment of assets, electing to be paid in cash is not inherently deceptive. Goldschmidt asserts that "[i]n the 'here today, gone tomorrow' world of baseball card shows, it is considered prudent business practice to insist upon receiving one's fees in cash rather than accept a check from a transient show promoter."

In response, the Government argues that it will prove at trial that Strawberry received

---

**3.** Goldschmidt acknowledges that at this stage of the proceedings, "the government need only allege, with sufficient specificity, that venue is appropriate by reason of the commission of the charged acts in the Southern District." *United*

*States v. Castellano,* 610 F.Supp. 1359, 1388 (S.D.N.Y.1985). He challenges the legal sufficiency of the Government's allegations to confer venue.

cash payments in the Southern District with the intent to evade tax, making venue in the Southern District proper. The Government argues that it will introduce sufficient evidence at trial to permit a jury to infer that Strawberry received cash in the Southern District because he did not want to leave a paper trail, including evidence that Strawberry discussed with Goldschmidt his intent to defraud the IRS, that in 1988 Strawberry refused to sign a cash receipt for payment at a promotional event at Madison Square Garden, and in 1989 he refused to accept a check from a promoter at an event in the Southern District.

As to whether Strawberry's receipt of cash satisfies the *Spies* act requirement, the Court looks first to the Supreme Court's analysis in *Spies.* In *Spies,* the Court included in its nonexclusive list of conduct from which an affirmative willful attempt to evade could be inferred "covering up sources of income, handling of one's affairs to avoid making the records usual in transactions of the kind and any conduct, the likely effect of which would be to mislead or to conceal." In the next paragraph, the Court concluded that several items of evidence apart from the failure to file a return could support an inference of a willful "attempt to evade." The petitioner's insistence that certain income be paid to him in cash was mentioned first among these items. *Spies,* 317 U.S. at 499, 63 S.Ct. at 368.

Other courts have also held that an inference of a willful "attempt to evade" could be drawn from, among other evidence, a defendant's transaction of business in cash. See, e.g., *United States v. Shorter,* 809 F.2d 54, 57 (D.C.Cir.) (holding that district court appropriately considered conduct which included transacting all "professional and personal business in cash, maintaining no bank accounts, office ledgers, or receipts or disbursement journals," receiving "compensation in cash," paying "employees in cash," possessing "no credit cards, and never acquir[ing] attachable assets," in determining whether particular conduct could be charged as a continuous offense), *cert. denied,* 484 U.S. 817, 108 S.Ct. 71, 98 L.Ed.2d 35 (1987); *United States v. Holladay,* 566 F.2d 1018,

1020 (5th Cir.) ("element of wilfulness was evidenced by a number of probative circumstances, including the defendant's use of false names and his surreptitious reliance on the use of cash."), *cert. denied,* 439 U.S. 831, 99 S.Ct. 108, 58 L.Ed.2d 125 (1978); *United States v. White,* 417 F.2d 89, 92 (2d Cir.1969) ("In cases involving income tax evasion, evidence purporting to show the willfulness of misconduct through extensive dealings in cash is properly admissible.") (citation omitted), *cert. denied,* 397 U.S. 912, 90 S.Ct. 910, 25 L.Ed.2d 92 (1970).

Although none of these courts specifically addressed the issue of venue or whether receiving cash by itself could satisfy the *Spies* act requirement, each considered the types of conduct that could support a jury's inference of a willful "attempt to evade." The number of courts that have included cash transactions in this consideration demonstrates that receiving income in cash may be a star of some magnitude in the constellation of proof of a willful "attempt to evade."

The Government asserts that it will prove at trial not only that Strawberry received cash, but that he received it with the intent to evade tax. The Government does not bear the burden of proving that Strawberry's receipt of cash was animated solely by the illegitimate motive of tax evasion. Rather, once the Government establishes that a tax evasion motive played any role in Strawberry's conduct, willfulness may be inferred from his actions. See *Spies,* 317 U.S. at 499, 63 S.Ct. at 368 ("If the tax evasion motive plays any part in such conduct the offense may be made out even though the conduct may also serve other purposes"). Thus, even if Strawberry's insistence on cash payments were a prudent business practice, as Goldschmidt alleges, that is not dispositive.

When the receipt of cash is coupled with the intent to evade tax, Goldschmidt's distinction between inherently deceptive, *Spies*-qualifying conduct and Strawberry's allegedly benign conduct has considerably less force. In fact, courts have recognized that otherwise legal activities can constitute an "attempt to evade," if they are performed with the intent to evade tax. See *United States v. Jungles,* 903 F.2d 468, 474 (7th Cir.1990)

("act of entering into ... 'independent contractor agreement,' even though a lawful activity in-and-of-itself, can serve as an 'affirmative act' supporting a conviction under § 7201 if it is done with the intent to evade income tax."); *United States v. Beall,* 970 F.2d 343, 346–47 (7th Cir.1992) ("although there was no direct evidence that [defendant] used [the Mid–America Commodity and Barter Association ("MACBA") ] to conceal his income from the IRS, ... it was reasonable for the jury to infer that one purpose of [defendant's] assignment of wages to MACBA was to evade paying income taxes."), *cert. denied,* —— U.S. ——, 113 S.Ct. 1291, 122 L.Ed.2d 683 (1993).

This Court finds no reason to distinguish the receipt of cash with the intent to evade tax from what these other courts have found to be *Spies*-qualifying conduct. Accordingly, this Court finds that the Government's allegations that Strawberry's attempt to evade tax by means including the receipt of cash in the Southern District sufficiently allege an affirmative act of attempted evasion within the meaning of *Spies,* and thus, venue.

### c. *Whether receipt of income in cash is merely preparatory to § 7201 offense*

■ Citing *United States v. Beech–Nut Nutrition Corp.,* 871 F.2d 1181 (2d Cir.1989), *cert. denied,* 493 U.S. 933, 110 S.Ct. 324, 107 L.Ed.2d 314 (1989), Goldschmidt asserts that preparatory acts, which merely set the stage for subsequent criminal conduct, do not provide a basis for venue. He argues that, in this case, the acts alleged to have occurred in this District—the receipt of cash payments— were merely preparatory to the offense charged.

In *Beech–Nut,* the defendants, officers of Beech–Nut, were convicted of introducing adulterated and misbranded apple juice into interstate commerce in violation of the Federal Food, Drug and Cosmetic Act ("FDCA"). On appeal, they challenged the sufficiency of the government's proof of venue in the Eastern District. The defendants had not conducted business from the Eastern District. Beech–Nut did not have any facility for the fabrication, storage, or shipment of apple juice in the Eastern District. There was no proof that the juice was shipped into the Eastern District or traveled through the Eastern District. The government argued that prosecution in the Eastern District was permissible, however, because the defendants' subordinates had telephoned a supplier in the District to place orders for adulterated juice concentrate and mailed confirmations for the orders into the Eastern District.

Examining the "key verb" of the FDCA— "introduce"—the Court held that "these communications were not part of the offense of introducing the offending juice into commerce but were merely prior and preparatory to that offense. Whether the crime be continuing or noncontinuing, venue is not proper in a district in which the only acts performed by the defendant were preparatory to the offense and not part of the offense." *Beech–Nut,* 871 F.2d at 1190 (citations omitted). The Court explained that "[t]hough § 3237 traces an offense from inception to completion, its thrust is entirely forward-looking; it contains no retrospective provision establishing venue in a district in which the defendant performed only acts that preceded the inception of the offense." *Beech–Nut,* 871 F.2d at 1190.

Goldschmidt argues that in this case, just as in *Beech–Nut,* the alleged acts upon which the Government premises venue preceded the inception of the offense. Although a person must have received income to be in a position to "attempt to evade" an income tax, Goldschmidt argues, the subsequent evasion does not trigger a retrospective embrace of the act of being paid. The receipt of income in cash, according to Goldschmidt, was at best preparatory to an "attempt to evade."

Goldschmidt's *Beech–Nut* analogy, however, is wide of the mark for two reasons. First, the Government does not contend, as Goldschmidt suggests, that the receipt of income in cash is an act constituting an "attempt to evade," but rather that the receipt of cash *with the intent to evade* constitutes part of a § 7201 offense. As Goldschmidt reluctantly acknowledges, the offense of attempting to evade tax does not begin and end with the preparation and filing of a tax return. While being paid may be preparatory to a § 7201 violation, receiving cash with the

intent to evade tax can amount to a § 7201 violation.

Second, in cases involving § 7201 offenses, courts have turned to *Spies,* not *Beech–Nut,* for guidance on venue and on the parameters of this offense. See, e.g., *Beaty,* 213 F.2d at 716–17; *Goodyear,* 649 F.2d at 228. These courts have found that conduct satisfying the *Spies* affirmative act requirement provides a proper basis for venue. The rationale is that conduct satisfying *Spies* is not merely preparatory to a § 7201 offense, but part of it, because it actually transforms a misdemeanor offense of failing to file a return into a felony § 7201 offense of attempting to evade tax.

### d. *Whether venue may be premised on acts of co-defendant*

■ Goldschmidt also argues that even if this Court were to find that Strawberry's receipt of cash in this District were sufficient to confer venue over Strawberry, Strawberry's conduct is insufficient to confer venue over him because he did not undertake any affirmative acts in this District. Citing *United States v. Griffin,* 814 F.2d 806 (1st Cir. 1987), Goldschmidt argues that venue is not properly predicated on actions of a co-defendant in a district where the defendant himself did not undertake an affirmative act.

In *Griffin,* two of the defendants were indicted for assisting in the preparation of a materially false and fraudulent tax return, in violation of 18 U.S.C. § 2(a) and 26 U.S.C. § 7206(2). The two defendants moved to dismiss for improper venue because all of their alleged misconduct occurred in another state. The government first argued correctly that an individual accused under 18 U.S.C. § 2(a) of aiding and abetting the commission of a substantive crime may be prosecuted not only where he committed the accessorial acts, but also where the principal committed the substantive crime. See *United States v. Gillette,* 189 F.2d 449, 451–52 (2d Cir.), cert. denied, 342 U.S. 827, 72 S.Ct. 49, 96 L.Ed. 625 (1951). The government then argued that because 18 U.S.C. § 2(a) and 26 U.S.C. § 7206(2)[4] both criminalize the assisting of

an offense, they should be construed identically for venue purposes.

The Court rejected the government's argument reasoning that anyone who aids and assists in the preparation of a false tax return is the principal under the language of § 7206(2), and thus, the government's inclusion of 18 U.S.C. § 2(a) in the indictment was superfluous because one who assists necessarily aids and abets. Thus, the Court held that venue was proper only in the district where the defendant assisted the preparation of a false return.

Goldschmidt argues that the First Circuit's analysis in *Griffin* applies with equal force to a prosecution under § 7201, because one who aids a taxpayer in attempting to evade tax in violation of § 7201 may also be a principal under § 7201. He argues that it is equally strained to posit the aiding and abetting of an "attempt to evade" tax as it is to posit the aiding and abetting of assisting in the preparation of a false tax return.

Although Goldschmidt's argument has a certain appeal, the analogy to § 7206(2) is not conclusive. First, by extending *Griffin*'s analysis to other statutes, Goldschmidt is essentially arguing that whenever an accessory's conduct brings him within the scope of the substantive statute, he must be charged as a principal under the substantive statute. Although the Government concedes that Goldschmidt's conduct might constitute an "attempt to evade" tax, a ruling that compels the Government to charge him directly under § 7201 would substantially, but improperly, encroach upon prosecutorial discretion in deciding what charges to bring.

Second, it is not strained to posit the aiding and abetting of an attempted tax evasion and there is precedent for such a charge. See *United States v. Huebner,* 48 F.3d 376, 377 (9th Cir.1994); *United States v. Dale,* 991 F.2d 819, 831 (D.C.Cir.), cert. denied, — U.S. ——, 114 S.Ct. 286, 126 L.Ed.2d 236 (1993); *United States v. Helmsley,* 941 F.2d 71, 71 (2d Cir.1991), cert. denied, 502 U.S. 1091, 112 S.Ct. 1162, 117 L.Ed.2d 409 (1992).

---

4. Section 7206(2) provides that any person who "[w]ilfully aids or assists in … the preparation or presentation under … the internal revenue laws, of a return … which fraudulent or false …" shall be guilty of a felony. 26 U.S.C. § 7206(2).

In this case, the indictment clearly charges Goldschmidt with aiding and abetting Strawberry's attempted evasion. Counts Two and Three of the indictment allege that "defendant Darryl Strawberry aided and abetted by defendant Eric Goldschmidt reported that Strawberry had promotional income . . ." See *United States v. Lam Kwong–Wah*, 924 F.2d 298, 302 (D.C.Cir.1991) ("If the government wishes to establish venue for an attempt in a district where the defendant did nothing but where the defendant's confederates committed criminal acts, it is required to argue and prove that the defendant specifically aided and abetted those acts and to request that the jury be instructed on the issue.").

In conclusion, because an individual accused of aiding and abetting a substantive crime may be prosecuted where the principal committed the substantive crime, Goldschmidt's motion to dismiss Counts Two and Three of the indictment on the grounds that venue is not properly predicated on actions of a co-defendant in a district where the defendant himself did not undertake an affirmative act is denied.

### 2. *Bill of Particulars*

Goldschmidt requests additional discovery in the form of a bill of particulars identifying (i) alleged co-conspirators, autograph show promoters and personal appearance hosts and the dates that the defendants and co-conspirators entered and withdrew from the alleged conspiracy, and (ii) evidence that the payments received in the Southern District of New York and on which the Government predicates venue were part of the income that Strawberry failed to report. The Government opposes all additional particulars on the grounds that the indictment and discovery have provided Goldschmidt with ample information to prepare for trial.

The granting of a bill of particulars rests within the sound discretion of the district court. See *United States v. Panza*, 750 F.2d 1141 (2d Cir.1984). Such discretion, however, must be informed by considerations of whether the requested particularization is necessary to defendant's preparation for trial and avoidance of unfair surprise at trial. See *United States v. DeFabritus*, 605 F.Supp.

1538, 1547 (S.D.N.Y.1985). That the requested information would be useful to the defendant is not enough; if the defendant has been given adequate notice of the charges against him, the Government need not be required to disclose additional details about its case. See *United States v. Payden*, 613 F.Supp. 800, 816 (S.D.N.Y.1985).

The proper scope and function of a bill of particulars is not to obtain disclosure of evidence or witnesses to be offered by the Government at trial, but to minimize surprise, to enable a movant to obtain such ultimate facts as are needed to prepare his defense, and to permit a defendant successfully to plead double jeopardy if he should be prosecuted later for the same offense. See *Unites States v. Salazar*, 485 F.2d 1272, 1278 (2d Cir.1973), *cert. denied*, 415 U.S. 985, 94 S.Ct. 1579, 39 L.Ed.2d 882 (1974). A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused. See *Unites States v. Ramirez*, 602 F.Supp. 783 (S.D.N.Y.1985). Thus, courts have refused to treat a bill of particulars as a general investigative tool for the defense, or as a device to compel disclosure of the Government's evidence or its legal theory prior to trial. See *United States v. Gottlieb*, 493 F.2d 987, 994 (2d Cir.1974).

In deciding whether a bill of particulars is needed, the court must determine whether the information sought has been provided elsewhere, such as in other items provided by discovery, responses made to requests for particulars, prior proceedings, and the indictment itself. See *United States v. Feola*, 651 F.Supp. 1068, 1133 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.), *cert. denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989). As a general rule, the defendant does not "need" detailed evidence about a conspiracy in order to prepare for trial properly. Details as to how and when a conspiracy was formed, or when each participant entered it, need not be revealed before trial. See *Feola*, 651 F.Supp. at 1132.

Goldschmidt first requests that the Government provide a bill of particulars identifying the "co-conspirators" and "oth-

ers" that allegedly participated in the tax evasion scheme referred to in the indictment and the dates when they and the defendants are alleged to have entered and withdrew from the conspiracy. Goldschmidt requests that the Government identify the various "promoters" and "hosts" who allegedly (1) failed to issue and file Forms 1099; (2) were directed by Strawberry's promotional agent to pay Strawberry's promotional fees in cash; and (3) were turned down when they asked Strawberry to sign a receipt for a cash payment. Goldschmidt argues that such particularization is needed to identify key witnesses and to develop impeaching evidence in this case because it is not alleged that Goldschmidt was present at most of the promotional events nor that he participated in the allegedly incriminating conversations with the hosts and promoters.

Goldschmidt also requests a bill of particulars informing him as to whether the Government has evidence that the cash payments received by Strawberry in the Southern District were a part of the income that Strawberry allegedly failed to report on his 1988 and 1989 tax returns. Goldschmidt argues that he is handicapped in his ability to challenge venue absent such particularization. In support of its request, Goldschmidt cites *United States v. Castellano,* 610 F.Supp. 1359 (S.D.N.Y.1985). In *Castellano,* because the indictment failed to allege that venue in the Southern District was appropriate and was therefore insufficient on its face, the Court required the Government to allege under oath in a bill of particulars "the existence of evidence that [defendant] committed acts of attempted evasion in the Southern District during [the pertinent years] sufficient to confer venue."

The Government has agreed to identify coconspirators "prior to trial." In addition, through discovery, the Government has provided Goldschmidt with every contract governing Strawberry's appearance at promotional events. These contracts identify the promoters who hired Strawberry for per-

sonal appearances, the dates of each event, the conditions of employment and the compensation paid. Goldschmidt has also been provided with copies of the checks, receipts and 1099 forms issued for payment of Strawberry at these events, and the promoters, hosts, dates and locations of the promotional events not covered by the contracts.

Upon reviewing the indictment, this Court finds that it adequately appraises Goldschmidt of the charges against him and contains sufficiently detailed allegations as to the locations and dates of the alleged acts to enable Goldschmidt to prepare for trial. The Court also finds that the indictment adequately alleges the acts and theory upon which the Government premises venue. In addition, discovery has provided Goldschmidt with a wealth of additional evidentiary detail regarding the identity of promoters and hosts, and the conditions of employment, locations and dates of the alleged promotional events at which Strawberry received income in cash.

Accordingly, the defendant's request for a bill of particulars is denied, except as to the following particulars, which the Court believes necessary to the preparation of Goldschmidt's defense and which the Government shall provide, and keep current, as soon as conveniently possible:

1. the names of all persons whom the Government will claim at trial were coconspirators; and

2. the dates the Government will claim the defendants and co-conspirators joined and left the conspiracy.

3. *Disclosure of Impeachment Material and § 3500 Material in Advance of Trial*

Goldschmidt also requests disclosure of § 3500 material and impeachment material two weeks prior to trial. It is well-settled, however, that the Government need not disclose § 3500 material and impeachment material until the witness has testified. See the Jenks Act, 18 U.S.C. § 3500;[5] *In re United*

---

**5.** The Jenks Act provides in pertinent part: In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena [sic], discovery, or inspection

*States,* 834 F.2d 283, 287 (2d Cir.1987); *United States v. Rahman,* 1994 WL 533609 (S.D.N.Y. *3); *United States v. Ortiz–Montoya,* 1995 WL 37841 (S.D.N.Y. Jan. 31, 1995, *1); *United States v. Massino,* 605 F.Supp. 1565, 1581 (S.D.N.Y.1985), *rev'd on other grounds,* 784 F.2d 153 (2d Cir.1986); *United States v. McGuinness,* 764 F.Supp. 888, 896 (S.D.N.Y.1991).

Although the Government is not obligated to turn over § 3500 material and impeachment material before the relevant witness has testified, there is no reason for the Government to withhold the material for purposes of delay or without good reason. In the interest of trial efficiency, the Government is expected to turn over the material two weeks prior to trial unless providing the material at that time would adversely affect its trial strategy or endanger its witnesses. See *McGuinness,* 764 F.Supp. at 896.

### 4. *Early Disclosure of Jury Panel Information*

Goldschmidt requests, pursuant to § 6103(h)(5) of the Internal Revenue Code, 26 U.S.C. § 6103(h)(5), disclosure of jury panel information six weeks before jury selection to determine whether prospective jurors have been the subject of an audit or other tax investigation.[6] The Government consents to the entry of an Order, once the final trial date is set, directing the Clerk of the Court to disclose the names and social security numbers of the prospective jury pool to the Department of the Treasury. Accordingly, the Court will issue an Order for expedited release of the jury list once the final trial date is set. See *United States v. Droge,* 961 F.2d 1030 (2d Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 609, 121 L.Ed.2d 544 (1992).

In conclusion, the Defendant's motion to dismiss for improper venue is denied. The Defendant's motion for an Order directing the Government to provide a bill of particulars is denied, in part. The Defendant's motion for an Order directing early disclosure of jury panel information will be granted once the final trial date is set.

SO ORDERED.

---

until said witness has testified in the trial of the case. 18 U.S.C. § 3500.

**6.** Section 6103(h)(5) provides, in pertinent part: In connection with any judicial proceeding ... to which the United States is a party, the Secretary shall respond to a written inquiry from ... any person (or his legal representative) who is a party to such proceeding as to whether an individual who is a prospective juror in such proceeding has or has not been the subject of any audit or other tax investigation by the Internal Revenue Service. The Secretary shall limit such response to an affirmative or negative reply to such inquiry. 26 U.S.C. § 6103(h)(5).