**UNITED STATES of America**

v.

**Ronald Eugene GIBSON a/k/a "Santino Gibson," a/k/a "Sonny Gibson," and Reparata Mazzola, a/k/a "Lorraine Adele," Defendants.**

**No. 99 CR 935 RCC.**

United States District Court,
S.D. New York.

May 1, 2001.

Richard Owens, Assistant United States Attorney, Mary Jo White, United States Attorney, New York City, for U.S.

Kerry A. Lawrence, Briccetti, Calhoun & Lawrence, White Plains, NY, for Ronald Eugene Gibson.

Vincent L. Briccetti, Briccetti, Calhoun & Lawrence, LLP, White Plains, NY, Dana M. Cole, Los Angeles, CA, for Reparata Mazzola.

## Opinion and Order

CASEY, District Judge.

Defendants Ronald Eugene Gibson ("Defendant Gibson") and Reparata Mazzola ("Defendant Mazzola") (together "Defendants") bring pretrial motions (i) to dismiss the indictment based on prosecutorial misconduct; (ii) to obtain grand jury minutes; and (iii) for a bill of particulars. The underlying six count indictment charges Defendants with mail, wire and securities fraud, conspiracy to commit such fraud, and obstruction of justice relating to Defendants' alleged solicitation of investor funds to purchase rights to insurance benefits under various life insurance policies. The Court reviewed the parties' motion papers, performed an *in camera* review of the grand jury transcript, and heard oral argument on these and other issue on April 17, 2001. Subsequently, the parties informed chambers that they reached an agreement regarding all issues except the motion to dismiss, Defendants' request for grand jury transcripts, and Defendants' request for a bill of particulars.

## Motion to Dismiss

■ Defendants argue that dismissal of the indictment is appropriate because the grand jury's investigation was irreparably tainted by the intentional offer of evidence about alleged, unsubstantiated acts of violence attributed to Defendant Gibson in the book *Mafia Kingpin—The True Story of Sonny Gibson,* coauthored by Defendants. Defendants argue that at least four grand jury witnesses were questioned about the alleged violent activity and that the book and any discussion of it or its contents had no possible bearing or relevance to the matter under investigation. Upon consent of the government and in light of Defendants' suggestion of impropriety, the Court conducted an *in camera* review of the grand jury transcripts.

■ A presumption of regularity is granted to grand jury proceedings. *United States v. Wilson,* 565 F.Supp. 1416, 1436 (S.D.N.Y.1983). In order to overcome such presumption, a defendant must demonstrate some grossly prejudicial irregularity or some other particularized need or compelling necessity. *United States v. Ramirez,* 602 F.Supp. 783, 787 (S.D.N.Y. 1985). While the intentional introduction of evidence that is not within the realm of colorable relevance to the indictment may warrant dismissal of an indictment and overcome the presumption of regularity, *see United States v. Bari,* 750 F.2d 1169, 1176–77 (2d Cir.1984), *cert. denied,* 472 U.S. 1019, 105 S.Ct. 3482, 87 L.Ed.2d 617 (1985), such allegation of prosecutorial misconduct must be based on more than "speculation and surmise." *Wilson,* 565 F.Supp. at 1436. The Supreme Court has cautioned that district courts should not use their supervisory powers to dismiss indictments on the grounds of prosecutorial misconduct except in circumstances where the misconduct amounts to a violation of a clear rule that was drafted by Congress and approved by the Court to ensure the integrity of the grand jury's functions. *United States v. Williams,* 504 U.S. 36, 46, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992).

During the course of the grand jury, the government questioned five witnesses about their sworn testimony that Defendants' prior counsel initially provided in an effort to exculpate Defendants. Gov't. Mem. at 13. The government represents that a number of the declarations contained factual assertions that were inconsistent with statements made by other potential witnesses. Thus, during the grand jury proceedings, the government questioned the witnesses about the facts in their declarations and about their general dealings with Defendants. *Id.* at 13–14.

During its careful *in camera* review of the transcripts, the Court found that four of the witnesses voluntarily brought up the subject of *Mafia Kingpin* in response to questions regarding their personal and business dealings with the Defendants. The government only inquired about the book after the witnesses volunteered that they had read it or were familiar with its contents. The government's inquiries were entirely appropriate and do not amount to misconduct.

Defendants have not shown that the government's questioning of witnesses about *Mafia Kingpin* violated any clear rule designed to ensure the integrity of the grand jury's functions and Defendants cannot overcome the presumption of regularity. Further, the Court's *in camera* review did not reveal any prosecutorial misconduct. The challenged line of questioning is evidence relevant to the indictment and does not warrant its dismissal. *See Bari,* 750 F.2d at 1176–77. Defendants' motion to dismiss the indictment is therefore denied.

**Request for Grand Jury Transcripts**

■ Defendants also argue that the government should be ordered to turn over all of the grand jury minutes, so that Defendants can determine what, if any, additional improprieties may have occurred, or to determine whether any curative instructions were given to the grand jury. With respect to whether curative instructions were given, there were no improprieties that would have required such instruction. Therefore, the Court denies Defendants' request to the extent it is based on the issue of curative instructions.

With respect to the request that the government turn over the minutes so that the Defendants can determine whether additional improprieties may have occurred, Federal Rule of Criminal Procedure 6(e)(2) provides that matters before the grand jury are secret. Federal Rule of Criminal Procedure 6(e)(3)(C)(ii) states that disclosure of grand jury proceedings are permitted "upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." In order to obtain such disclosure, however, a defendant carries the burden of demonstrating a particularized need for grand jury materials. *United States v. Sells Eng'g, Inc.,* 463 U.S. 418, 443, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983). As explained above, there was no prosecutorial misconduct with respect to questions about *Mafia Kingpin.* Defendants' only other stated reason for needing such information is to determine "what if any additional improprieties may have occurred." Defs.' Mem. at 5 n. 1. This clearly does not meet the burden of demonstrating a particularized need for grand jury information. Defendants' allegations here provide "no reason to disregard the presumption of regularity of grand jury proceedings." *United States v. Brown,* 95 CR. 168(AGS), 1995 WL 387698, at *8 (S.D.N.Y. June 30, 1995) (citing *United States v. Kalevas,* 622 F.Supp. 1523, 1525 (S.D.N.Y.1985)). Accordingly, the Court finds that Defendants have not met their burden and denies their request for the grand jury transcripts.[1]

**Request for Bill of Particulars**

■ Defendants also move the Court to compel the government to provide a bill of particulars. Federal Rule of Criminal Procedure 16 governs discovery and inspection of discovery materials. Rule 16

---

1. The Court notes that Defendants' argument that the grand jury records should be provided to them because the case may have been presented to two grand juries is a moot point, as the government has represented that the case was presented to only one grand jury. Gov't. Mem. at 12 n. 6.

requires that the government provide the defense with certain information, including statements made by the defendant, the defendant's prior criminal record, documents or other objects that will be used at trial that were obtained from the defendant or that are material to the defense, expert reports regarding laboratory, physical, mental or scientific examinations and a summary of any expert testimony which will be offered at trial by the government. Fed.R.Crim.P. 16. The government has represented that it has provided all of the discovery materials and made such materials available for Defendant's inspection as of November 8, 2000. Gov't. Mem. at 21. The Court reminds the government that it is under a continuing obligation to adhere to regular discovery procedures.

■ Federal Rule of Criminal Procedure 7(f) provides that a court may direct the filing of a bill of particulars. However, a bill of particulars is not a matter of right. 1 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 129 (3d ed.1999) (citations omitted). Rather, its filing rests in the court's discretion. *United States v. Walsh,* 194 F.3d 37, 47 (2d Cir.1999). When exercising this discretion, a court must examine the totality of the information available to the defendant, including the indictment and general pretrial discovery, and determine whether, in light of the charges that the defendant is required to answer, the filing of a bill of particulars is warranted. *United States v. Bin Laden,* 92 F.Supp.2d 225, 233 (S.D.N.Y.2000).

■ The purpose of a bill of particulars is to supplement the facts contained in the indictment so that a defendant is able to identify with sufficient particularity the nature of the charges against him, to prepare for trial, to prevent surprise and to interpose a plea of double jeopardy should the defendant be prosecuted a second time

for the same offense. *United States v. Bortnovsky,* 820 F.2d 572, 574 (2d Cir. 1987). Generally, a bill of particulars is required only where the indictment is so general that it does not advise the defendant of the specific acts of which he is accused. *United States v. Torres,* 901 F.2d 205, 234 (2d Cir.1990) (citations omitted), *cert. denied,* 498 U.S. 906, 111 S.Ct. 273, 112 L.Ed.2d 229 (1990). "It is not enough that the information would be useful to the defendant; if the defendant has been given adequate notice of the charges against him, the government is not required to disclose additional details about its case." *United States v. Payden,* 613 F.Supp. 800, 816 (S.D.N.Y.1985). Because a bill of particulars confines the government's proof to the particulars furnished, a court should not grant a bill of particulars where, as here, the consequence of granting the request would be to unduly restrict the government's ability to present its case. *See United States v. Perez,* 940 F.Supp. 540, 550 (S.D.N.Y.1996) (citations omitted).

Defendants argue that details regarding the dates of the conspiracies; the dates the conspiracies' members allegedly joined; the dates on which certain meetings occurred; the dates of other transactions; information regarding payments allegedly made to Defendants; the investors to whom representations were allegedly made by Defendants; and other similar matters are necessary to effectively prepare for trial and to exercise their rights under the due process and confrontation clauses of the Constitution. Defs.' Mem. at 12. Defendants do not provide any legal authority or argument for such request, nor do they attempt to demonstrate how the provided discovery and indictment are insufficient to permit Defendants to identify the nature of the charges against them.

A bill of particulars is not a general investigative tool, a discovery device or a means to compel the government to disclose evidence or witnesses to be offered prior to trial. *See United States v. Strawberry*, 892 F.Supp. 519, 526 (S.D.N.Y.1995) (citing *United States v. Gottlieb*, 493 F.2d 987, 994 (2d Cir.1974)). It is not the function of a bill of particulars to allow defendants to preview the evidence or theory of the government's case. *See Perez*, 940 F.Supp. at 550–51; *United States v. Taylor*, 707 F.Supp. 696, 699 (S.D.N.Y.1989) (citations omitted); *United States v. Persico*, 621 F.Supp. 842, 868 (S.D.N.Y.1985). Here, the indictment in is not cast in general terms and is sufficiently clear as to the nature of the charges against Defendants. The indictment provides Defendants with a description of the alleged loan conspiracy to defraud investors and to obstruct justice, a description of the objects of the conspiracy and the dates of the crimes charges. After careful review of Defendants' request, the Court holds that the detailed indictment and the extensive discovery that has been available to Defendants since November 8, 2000 provide sufficient information for Defendants to prepare for trial, prevent surprise and, if necessary, interpose a plea of double jeopardy. Accordingly, Defendants' motion for a bill of particulars is denied.

## Conclusion

For the above reasons, Defendants' motion to dismiss the indictment is DENIED, Defendants' motion to compel production of the grand jury transcripts is DENIED and Defendants' motion for a bill of particulars is DENIED.