UNITED STATES of America,

v.

Alphonse T. PERSICO, John J. Deross, and Carmine Deross, III, Defendants.

No. 04 CR 911 SJS3.

United States District Court, E.D. New York.

Aug. 7, 2006.

Rosylnn R. Mauskopf, Esq., United
States Attorney, Eastern District of New
York by Thomas J. Seigel, Esq., Katya

Jestin, Esq., Deborah Sue Mayer, Esq., Brooklyn, NY, for United States.

Dale L. Smith, Esq., New York City, for Defendant Persico.

Sarita Kedia, Esq., New York City, for Defendant Persico.

Larusso & Conway by Robert P. LaRusso, Esq., Mineola, NY, for Defendant J. DeRoss.

Michael Rosen, Esq., New York City, for Defendant C. DeRoss.

## MEMORANDUM AND ORDER

JOHNSON, Senior District Judge.

Pending before the Court are numerous pretrial motions filed by defendants Alphonse T. Persico ("Persico") and John J. DeRoss ("J.DeRoss") (collectively, "Defendants").[1] For the reasons stated below, Defendants' pretrial motions are DENIED.

## BACKGROUND [2]

On March 2, 2006, a grand jury in the Eastern District of New York returned a superseding indictment charging Persico and J. DeRoss with one count of murder in aid of racketeering, in connection with the murder of an individual named William Cutolo, Sr. ("Cutolo"), three counts relating to the attempted murder of an individual named Joseph Campanella ("Campanella"), and two counts of witness tampering. The superseding indictment also charged Carmine DeRoss, III ("C.DeRoss") with the same three crimes related to the shooting of Campanella. Defendants have filed numerous pretrial motions, all of which the Court will now address.

1. Carmine DeRoss, III has no motions pending before the Court.

## DISCUSSION

### I. Bill of Particulars

■ Claiming the superseding indictment is materially lacking in facts, Defendants seek a bill of particulars. However, to obviate the need for a bill of particulars, an indictment need not read like an insurance policy. In fact, "[a] bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir.1999) (internal quotations marks and citation omitted). It is also clear that a bill of particulars is not a discovery tool. *See, e.g., United States v. Strawberry*, 892 F.Supp. 519, 526 (S.D.N.Y.1995) ("The proper scope and function of a bill of particulars is not to obtain disclosure of evidence or witnesses to be offered by the Government at trial, but to minimize surprise, to enable a movant to obtain such ultimate facts as are needed to prepare his defense, and to permit a defendant successfully to plead double jeopardy if he should be prosecuted later for the same offense.") (*citing United States v. Salazar*, 485 F.2d 1272, 1278 (2d Cir.1973)). Moreover, as this Court has stated, "the government is not required to disclose additional details in a bill of particulars if a defendant has already been given adequate notice of the charges against him in the indictment or through discovery." *United States v. Pimentel*, 99 CR 1104, 2001 WL 185053, at *4 (E.D.N.Y. Jan. 22, 2001) (citation omitted).

■ Here, the superseding indictment sufficiently advises Defendants (as well as C. DeRoss) of the specific acts of which

2. The Court presumes the parties are familiar with the facts and procedural history of the case and, thus, will not recount the same in detail here.

they are accused. Moreover, both the discovery the government represents it has provided thus far and the evidence introduced during two prior related trials more than adequately provide Defendants with the requisite notice of their allegedly criminal acts. Furthermore, the superseding indictment also contains enough information to protect Defendants against the possibility of double jeopardy. Because the concerns that may otherwise animate the need for a bill of particulars are not present in this case, Defendants' request for a bill of particulars is denied.

## II. Discovery

In a number of filings that include reference to discovery correspondence sent directly to the government, Defendants ask the Court to intervene in the pretrial discovery process and compel the government to turn over a long list of items, including electronic surveillance recordings and reports, physical surveillance reports and photographs, the names of certain confidential sources with related reports and law enforcement notes, and various telephone toll records, pen register and pager information.[3]

■■■ The theme underlying these requests is that only Defendants, upon review of the requested material, will be able to discern whether or not impeachment or exculpatory information is embedded therein. As Defendants well know, though, the criminal pretrial discovery process does not work that way. Rule 16 of the Federal Rules of Criminal Procedure outlines discrete categories of information the government must disclose. See Fed. R.Crim.P. 16. Basing discovery requests on nothing more than mere conjecture renders any request for information outside the ambit of Rule 16 a non-starter.[4]

■■■ To the extent Persico and J. DeRoss rely on Rule 16(a)(1)(E)(i)'s requirement that the government, upon motion of a defendant, disclose items "material to preparing the defense," the mere claim

---

**3.** Persico and J. DeRoss have also requested information in relation to documents the Federal Bureau of Investigation ("FBI") seized on April 30, 2001, pursuant to a court-authorized search warrant, from Campanella's business, Savanna Medical Supply. The Court need not address Defendants' request to view the evidence seized, as the government has represented in a July 27, 2006 letter to the Court that, pursuant to standard procedure, the FBI on May 11, 2005, disposed of the original documents and any copies that had been made. As for Defendants' request for an inventory of items seized and to review the search warrant application, that application is denied for the same reasons the Court denies Defendants' other discovery-related requests.

**4.** With regard to the request for the identities of certain confidential informants, "[t]he government is not generally required to disclose the identity of confidential informants," as "[i]ts interest in protecting the anonymity of informants who furnish information regarding violations of law is strong." *United States*

*v. Fields,* 113 F.3d 313, 324 (2d Cir.1997) (citations omitted). Further, "[t]he defendant bears the burden of showing the need for disclosure of an informant's identity ... and to do so must establish that, absent such disclosure, he will be deprived of his right to a fair trial." *Id.* (citations omitted). Additionally, a defendant's mere, "[s]peculation that disclosure of the informant's identity will be of assistance is not sufficient to meet the defendant's burden; instead, the district court must be satisfied, after balancing the competing interests of the government and the defense, that the defendant's need for disclosure outweighs the government's interest in shielding the informant's identity." *Id.* (citation omitted). Finally, "[d]isclosure is a matter which lies within the sound discretion of the district court." *Id.* (citation omitted). Having considered the parties' submissions and having balanced their competing interests, the Court does not believe Defendants have satisfied their burden. Thus, the request to compel the government to disclose the identities of certain confidential informants is denied.

that the items sought are "material" is not enough. This is because "[m]ateriality means more than that the evidence in question bears some abstract logical relationship to the issues in the case. There must be some indication that the pretrial disclosure of the disputed evidence would ... enable[ ] the defendant significantly to alter the quantum of proof in his favor." *United States v. Maniktala*, 934 F.2d 25, 28 (2d Cir.1991) (citations omitted). Defendants' submissions reveal no such indication here. Moreover, the government has insisted on numerous occasions both that it remains aware of its discovery obligations, and that it continues to comply with them. Absent the requisite showing from Defendants, the government's good-faith representations are sufficient at this stage for this Court. Defendants' discovery-related requests are therefore denied.

■ On a related note, Persico and J. DeRoss also move for production of any *Brady* material, as well as the early production of *Giglio* and Jencks Act ("3500") material. The government has reiterated it is unaware of the existence of any *Brady* material, and that it remains aware of its continuing obligation with regard to such material. With respect to *Giglio* and 3500 material, even though the government is not required to turn this material over until any witness for whom there is such material has testified on direct, the Court notes the usual practice in this district is for the government to turn this material over at least a week before opening statements occur. Though the government has

not yet indicated if it plans to follow that practice, unless statutory compliance becomes an issue, the Court will not intervene. Thus, Defendants' request for early production of *Giglio* and 3500 material is denied.[5]

### III. Admission of Co–Conspirator Statements

■ Defendants also seek preclusion at trial of certain co-conspirator statements, asserting that the introduction of these statements would violate Defendants' Sixth Amendment confrontation right. In support of their argument, Defendants rely primarily on *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), where the Supreme Court of the United States (the "Supreme Court") clarified that the Confrontation Clause of the Sixth Amendment requires that testimonial, out-of-court statements by witnesses be barred unless the witnesses are not available at trial and the defendant has had a prior opportunity to cross-examine those witnesses. *Id.* at 53–54, 59, 124 S.Ct. 1354.

■ According to Defendants, the co-conspirator statements they seek to preclude are, in fact, testimonial. However, labeling co-conspirator statements as "testimonial" does not automatically make them such. In fact, while the Supreme Court in *Crawford* declined to define when a statement may be deemed "testimonial," it did make clear that co-conspirator statements generally are not testimonial in nature. *Id.* at 56, 68, 124 S.Ct. 1354.[6] Accordingly, the introduction of

---

5. Defendants' requests regarding possible 404(b) material shall be addressed by this Court following submission by the government of its motion *in limine* on the same subject, which is due no later than August 7, 2006.

6. Defendants rely on *United States v. Stewart*, 433 F.3d 273 (2d Cir.2006), for the proposi-

tion that co-conspirator statements can also be testimonial. However, Defendants fail to point out that, unlike any of the co-conspirator statements to which they have objected in this case, the co-conspirator statements at issue in *Stewart* were in response to questions from law enforcement officials, a situation the Supreme Court noted fell "squarely within that class" of statements qualifying as "testi-

these co-conspirator statements does not implicate *Crawford*'s Confrontation Clause concerns.[7] Therefore, Defendants' request to preclude the government from introducing co-conspirator statements is denied.

## IV. Severance

 Related to their co-conspirator statements objection, Defendants assert that, pursuant to Rule 14 of the Federal Rules of Criminal Procedure, the Court should sever their cases to prevent the prejudice that would arise upon the admission into evidence of certain statements. Of course, severance under Rule 14 rests within the "sound discretion of the trial judge." *United States v. Yousef*, 327 F.3d 56, 149 (2d Cir.2003) (internal quotation marks and citation omitted). Furthermore, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). As this Court has stated previously with respect to C. DeRoss on this issue, *see* 04 CR 911, Docket Entry No. 232, at 2 n. 1 (denying C. DeRoss' motion for severance), the Court is not convinced this case warrants severance. Thus, the motions to sever are denied.

## V. Grand Jury Minutes

 Persico moves for disclosure of a portion of the minutes of the grand jury proceedings related to his case. Specifically, he seeks the testimony of two grand jury witnesses. With certain very limited exceptions, grand jury minutes are generally secret. *See* Fed.R.Crim.P. 6(e)(2). To overcome the presumption of secrecy, a defendant must demonstrate a " 'particularized need' that outweighs the need for secrecy." *United States v. Moten*, 582 F.2d 654, 662 (2d Cir.1978) (citations omitted). Offering nothing more than mere conjecture, Persico has not demonstrated such a need. Thus, his request for disclosure of grand jury minutes is denied.[8]

## VI. Persico's Motion to Proceed *Pro Se* in Part

 Persico has also made an application to proceed at trial, in part, *pro se*. Specifically, he wishes to cross-examine five witnesses.[9] Of course, no doubt exists that if Persico desires to represent himself fully for the duration of the trial, he may do so without interference. *See Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).[10] A request to pro-

---

monial." *Crawford*, 541 U.S. at 53, 124 S.Ct. 1354. Even so, the *Stewart* court still held the admission of those co-conspirator statements did not violate *Crawford*. Here, because the statements to which Defendants object are not even testimonial, *Stewart* is inapposite.

7. In supposed reliance on *Crawford*, Persico also seeks to have the Court curtail testimony the government may attempt to elicit from an expert witness regarding the alleged enterprise at issue in this case. To the extent the government even seeks to call such an expert witness, the Court at this juncture has no knowledge of what the substance or basis of the expert witness' testimony may be. Therefore, Persico's motion to limit the testimony

of any such expert is premature. Should the issue arise at trial, Persico may raise the matter again at that time.

8. J. DeRoss also requests, in passing, that the Court authorize disclosure of certain grand jury minutes. Because he, too, fails to demonstrate any "particularized need," his request is denied as well.

9. Persico did not disclose which five witnesses he seeks to cross-examine.

10. Even if he represents himself during trial, Persico would still be entitled to have stand-by counsel at his table. However, stand-by

ceed *pro se* in part, however, is substantially different. The law is clear that "a criminal defendant has no constitutional or statutory right to represent himself as co-counsel with his own attorney." *United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir.1989) (citations omitted). Moreover, "[t]he decision to grant or deny 'hybrid representation' lies solely within the discretion of the trial court." *Id.* (citations omitted).

 In support of his application, Persico offers no compelling reason why the Court should permit him to proceed as *pro se* co-counsel. Though he claims to have special knowledge of the witnesses and a heightened interest in the outcome of the case, he fails to explain how those facts distinguish him from any other defendant in a criminal matter. Moreover, "hybrid representation" runs the real risk of causing jury confusion, especially with regard to distinguishing when a defendant is an advocate, and when a defendant is a witness. Because Persico has made no showing as to why that risk is worth taking here, his application to appear as *pro se* co-counsel is denied. As mentioned, though, Persico may still elect to proceed *pro se* in full. That choice is his—he either represents himself solely or not at all. Should he choose to proceed without counsel for the duration of the trial, he must notify the Court on the record no later than before jury selection begins.[11]

### VII. J. DeRoss' Motion to Dismiss Witness Tampering Counts

 J. DeRoss moves for dismissal of Counts Five and Six of the superseding indictment, claiming insufficient evidence exists to support these counts. J. DeRoss relies on an improper basis for dismissal of these two counts. The superseding indictment is valid on its face, and J. DeRoss' estimation of the sufficiency, or lack thereof, of the evidence relating to those counts is irrelevant at this stage of the proceeding. *See, e.g., United States v. Gambino*, 809 F.Supp. 1061, 1079 (S.D.N.Y.1992) ("It is axiomatic that, in a criminal case, a defendant may not challenge a facially valid indictment prior to trial for insufficient evidence. Instead, a defendant must await a Rule 29 proceeding or the jury's verdict before he may argue evidentiary insufficiency.") (citation omitted). Therefore, J. DeRoss' motion to dismiss Counts Five and Six of the superseding indictment is denied.

### CONCLUSION

For the above-mentioned reasons, Defendants' numerous pretrial motions are DENIED.

SO ORDERED.

---

counsel would not be permitted to engage in the usual duties of counsel during a trial, including addressing the jury, the witnesses or the Court.

11. Persico also requested that he be able to attend any side-bar conferences that arise during trial. The parties are reminded the Court disfavors side-bars. However, should any side-bar conferences truly be necessary during trial, the Court sees no reason at this point why any defendant should be precluded from attending those conferences—but only to listen, *not* to speak.